IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| MICHAEL E. MCKINZY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2365-CM |
| ) | |
| BNSF RAILWAY RAILROAD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael E. McKinzy, Sr. ("plaintiff") brings this action, alleging claims of race discrimination and retaliation against defendant BNSF Railway Railroad ("defendant"). Before filing this action, plaintiff filed a separate race discrimination case against defendant in the United States District Court for the Northern District of Illinois, Eastern Division ("Northern District of Illinois"), case number 08-00793. On October 17, 2008, the Northern District of Illinois entered a minute entry dismissing the case without prejudice. This matter is before the court on defendant's Motion to Transfer Venue (Doc. 12).

The federal statute governing transfer of venue provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The intent of § 1404(a) is to "place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing

-1-

that the existing forum is inconvenient." *Id.* at 1515 (citing *Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).

When determining whether to transfer a case, the court must consider the following factors:

> [P]laintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (citing *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

The court bears in mind that transfer is not appropriate if the result is merely to shift the inconvenience from one party to the other. *KJC Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998). Unless these factors weigh strongly in the defendant's favor, the "plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

Defendant requests that the court transfer this case to the Northern District of Illinois because of the related case—case number 08-00793. Since defendant filed its motion to transfer, the Northern District of Illinois dismissed plaintiff's race discrimination case. Thus, no related case is pending in the Northern District of Illinois. Because the Northern District case is no longer pending, judicial economy would not be served by transferring this case to the Northern District of Illinois.

Defendant also argues that factors such as accessibility to witnesses and sources of proof and cost considerations favor transferring this case to the Northern District of Illinois because (1) plaintiff lives there; (2) defendant is authorized to do business there; and (3) plaintiff was employed by

defendant in that forum and brought a discrimination claim in that forum.  However, defendant merely "logically assumes" that plaintiff's records are in the Northern District of Illinois; that it would be cheaper for plaintiff to litigate there; and that transferring the case there would not be inconvenient for plaintiff.  Nothing in the record actually established that these factors weigh in favor of transferring this case to the Northern District of Illinois.  Furthermore, the court has considered the remaining factors and finds that nothing in the record suggests that these factors weigh in favor of transferring this case to the Northern District of Illinois.

Defendant has failed to establish that the potential costs and inconvenience of litigating this matter in Kansas significantly outweigh the potential costs and inconvenience of litigating this matter in the Northern District of Illinois.  Without more evidence from defendant, the court will not disturb plaintiff's legitimate choice of forum.  Therefore, the court denies defendant's request for a transfer of venue.

**IT IS THEREFORE ORDERED** that defendant's Motion to Transfer Venue (Doc. 12) is denied.

Dated this 23rd day of January 2009, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**