IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| MICHAEL E. MCKINZY, SR., ) ) | |
| Plaintiff, ) ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2365-CM |
| ) | |
| BNSF RAILWAY RAILROAD, ) ) | |
| Defendant. ) ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael E. McKinzy, Sr. ("plaintiff") brings this action, alleging claims of race discrimination and retaliation against defendant BNSF Railway Railroad ("defendant"). This matter is before the court on defendant's Motion to Enforce Settlement (Doc. 33).

In late November 2008, the parties engaged in settlement discussions. Although plaintiff is proceeding *pro se*, he retained Ronald Sandhaus to represent him for settlement purposes. On November 19, 2008, defendant's counsel made the following counter-proposal:

> BNSF offers Mr. McKinzy $1,000 – as settlement for a release of all claims, a dismissal of the complaint with prejudice and providing that the parties enter into a general release and settlement agreement. This offer will remain open until the close of business tomorrow and will expire at that time unless accepted in writing. We look forward to hearing from you.

The following day, plaintiff left a message with defense counsel's assistant, accepting the settlement offer. That same day, plaintiff's settlement counsel, Mr. Sandhaus, wrote to defendant's counsel accepting the offer on behalf of plaintiff and asking that a written settlement agreement be forwarded to his attention. On November 20, 2008, plaintiff filed a motion to voluntarily dismiss this case. In the motion, plaintiff acknowledged that he accepted defendant's settlement offer of $1,000.

-1-

On November 26, 2008, plaintiff filed a motion to withdraw his voluntary dismissal, stating that defendant's additional undisclosed stipulations of settlement were unacceptable. The additional conditions included prohibiting plaintiff from (1) submitting future employment applications to defendant; (2) filing additional charges of race discrimination concerning future employment denials with the EEOC; and (3) filing any future civil actions involving future claims of employment discrimination. On December 1, 2008, defendant forwarded a draft Settlement Agreement and General Release to Mr. Sandhaus. On December 3, 2008, plaintiff filed a notice rejecting the draft written settlement agreement.

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). When determining issues regarding the enforceability of a settlement agreement, the court applies state law. *Rogler v. Standard Ins. Co.*, 30 F. App'x 909, 913 (10th Cir. 2002) (*citing United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000)). Under Kansas law, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate the agreement in the absence of bad faith or fraud. *Id.* (*quoting Krantz v. Univ. of Kan.*, 21 P.3d 561, 567 (Kan. 2001)). However, to have a binding agreement, "there must be a meeting of the minds as to all essential terms." *Augusta Bank & Trust v. Broomfield*, 643 P.2d 100, 106 (Kan. 1982).

Defendant argues that plaintiff cannot avoid the settlement agreement simply because he changed his mind. But, based on the record, plaintiff has not simply changed his mind. Defendant's November 19, 2008 counter-proposal was for plaintiff to release all claims and dismiss the complaint with prejudice in exchange for $1,000, providing the parties enter a general release and settlement agreement. It appears the parties have not agreed to a general release. Defendant's proposed settlement agreement contains terms beyond those discussed by the parties and requires plaintiff to

release more than just the claims in this case. When plaintiff learned of the additional terms, he immediately rejected them. (*See* Doc. 27 at 7.) Nothing in the record indicates that plaintiff agreed to release future claims against defendant. Based on the record before it, the court cannot find that the parties entered into a valid, binding agreement to settle this lawsuit. Accordingly, defendant's motion is denied.

**IT IS THEREFORE ORDERED** that defendant's Motion to Enforce Settlement (Doc. 33) is denied.

Dated this 24th day of June 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**