# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | No. 08-2365-CM |
| ) | |
| **BNSF RAILWAY RAILROAD,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

This case is before the court on plaintiff Michael McKinzy's Motion for Change of Judge and Magistrate Judge in Above Captioned Case (Doc. 51). In his motion, plaintiff contends that the undersigned judge should recuse from this case "due to bias against plaintiff as a pro se litigant" evidenced by the court's "whimsical imposing of sanctions as retribution . . . for plaintiff exercising his rights to appeal court decisions to the Tenth Circuit Court of Appeals" in four of his current lawsuits.[1]

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasion, and circumstances." *Id*. (quoting *Hinman v. Rogers*, 831

---

[1] *McKinzy, Sr. v. Union Pac. R.R.*, No. 08-cv-02519-CM-JPO (filed 10/20/08, closed 04/17/09); *McKinzy, Sr. v. Norfolk S. R.R.*, No. 08-cv-02599-CM-JPO (filed 12/02/08, closed 06/12/09); *McKinzy, Sr. v. Interstate Bakeries Corp.*, No. 08-cv-02649-CM-JPO (filed 12/22/08); *McKinzy, Sr. v. Kansas City Power and Light*, No. 09-cv-02070-CM-JPO (filed 02/12/09).

F.2d 937, 939 (10th Cir. 1987)); *Buck v. Brackett*, 181 F. App'x 712, 716 (10th Cir. 2006) (citations omitted). These facts will be accepted as true, but they must be more than rumors, beliefs, and opinions. *Burleson*, 123 F. App'x at 960. Here, plaintiff has not filed an affidavit. Without an affidavit showing bias and prejudice and proper identification of events indicating a personal and extrajudicial bias, plaintiff cannot support a recusal under 28 U.S.C. § 144.

For recusal under 28 U.S.C. § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* (citation omitted). Unlike § 144 recusal, the allegations made under § 455 recusal are not necessarily accepted as true. *Id.* (citation omitted). The judge's subjective state of mind is immaterial. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). The decision whether to recuse from a case is committed to the sound discretion of the court. *See Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir. 1987). But if the decision is a close one, the judge should recuse. *Bryce*, 289 F.3d at 659.

Plaintiff's allegations are unfounded. First, nothing in the record supports plaintiff's allegation that the undersigned judge imposed sanctions as retribution for plaintiff's filing of appeals in other cases; and second, the sanctions imposed by the undersigned in the case plaintiff refers to were not "whimsical." Plaintiff is referencing the order issued by the undersigned on July 1, 2009, in *McKinzy v. Norfolk S. Rwy., Co.*, Case No. 08-2599-CM, (Doc. 60), which granted defendant's motion for attorneys' fees. In that order, the undersigned judge found that the lawsuit was unreasonable and without foundation, and that the circumstances surrounding the litigation in this court justified an award. The court noted defendant's failure to cooperate with discovery early in the

litigation; his filing of numerous motions within a short time frame seeking substantially identical relief; his failure to respond to the undersigned's order to show cause regarding a dispositive motion; and failure to respond to the motion for attorney's fees.  The undersigned granted defendant's motion in the amount of $9,310.81, which it found to be reasonable.  (Case No. 08-2599-CM, Doc. 60.)

Recusal is required only if a reasonable person would believe that the undersigned has displayed such "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  The court finds that no reasonable person would believe that the undersigned's imposition of fees implicates the level of "deep-seated favoritism or antagonism" that would make recusal proper in this case.  Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality.  Accordingly, plaintiff's motion, as to the undersigned, is denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Change of Judge and Magistrate Judge in Above Captioned Case (Doc. 51) as to the undersigned judge is denied.

Dated this 5th day of August 2009, at Kansas City, Kansas.

                                             **s/ Carlos Murguia**
                                             **CARLOS MURGUIA**
                                           **United States District Judge**