IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **MICHAEL E. MCKINZY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2365-CM |
| ) | |
| **BNSF RAILWAY RAILROAD,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael E. McKinzy, Sr. ("plaintiff") brings this action, alleging claims of race discrimination and retaliation against defendant BNSF Railway Railroad ("defendant"). This matter is before the court on defendant's Motion to Deny Plaintiff's Motion for Summary Judgment or, in the Alternative, to Continue the Motion Pursuant to Federal Rule of Civil Procedure 56(f) (Doc. 56). For the following reasons, defendant's motion is granted.

On January 27, 2009, Magistrate Judge O'Hara stayed briefing on plaintiff's motion for summary judgment and continued the previously imposed stay of all discovery and pretrial proceedings. Judge O'Hara lifted the stay on July 9, 2009. Because the stay was in place from October 23, 2008 to July 9, 2009, the parties have conducted little discovery. During the stay, plaintiff filed a Motion for Summary Judgment (Doc. 35). His motion seeks summary judgment on each of his claims, arguing that there are no genuine issues of material fact. Defendant argues that plaintiff's motion for summary judgment is premature because defendant has not had an opportunity to obtain the relevant information and documents essential to its response to plaintiff's motion.

Under Rule 56(f) "'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006) (quoting *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). But relief under Rule 56(f) is not automatic. *Id*. "A party seeking to defer a ruling on summary judgment under Rule 56(f) must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'" *Semsroth v. City of Wichita*, No. 06-2376-KHV, 2008 WL 640840, at *1 (D. Kan. Mar. 6, 2008) (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007)). A party must specifically state how the additional information will rebut summary judgment. *Id*.

Here, defendant's counsel filed an affidavit declaring, under penalty of perjury, that it did not conduct discovery because of the stay, that it has not received plaintiff's Rule 26(a)(1) initial disclosures, and that it intends to begin discovery immediately. Defense counsel's affidavit set forth the following issues that defendant needs to conduct discovery on in order to respond to plaintiff's motion: (1) plaintiff's contention that he was qualified for reemployment by defendant given that he previously resigned his employment; (2) the basis for plaintiff's belief that he has been denied employment by defendant because of his race; (3) the basis for plaintiff's belief that he was discriminated against or harassed by his superior because of his race; (4) plaintiff's admitted resignation of his employment with defendant and the basis for his contention that he was constructively discharged; (5) the basis for plaintiff's belief that he was denied employment by defendant in retaliation for having filed previous discrimination charges; and (6) the basis for plaintiff's contention that he was qualified for or possessed the training, skills and experience required for employment in the specific positions he applied for with defendant.

Case 2:08-cv-02365-CM   Document 60   Filed 08/05/09   Page 3 of 3

Due to the early stage of this proceeding and the previous stay of all discovery and pretrial proceedings, the court finds that plaintiff's motion for summary judgment is premature. The court dismisses plaintiff's motion without prejudice. Plaintiff may refile his motion at the appropriate time––when the parties are in a position to fully brief the facts and legal issues relevant to plaintiff's claims—in accordance with the court's Scheduling Order (Doc. 52).

**IT IS THEREFORE ORDERED** that defendant's Motion to Deny Plaintiff's Motion for Summary Judgment or, in the Alternative, to Continue the Motion Pursuant to Federal Rule of Civil Procedure 56(f) (Doc. 56) is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Summary Judgment (Doc. 35) is denied without prejudice. Plaintiff may refile his motion for summary judgment in accordance with the court's Scheduling Order (Doc. 52).

Dated this 5th day of August 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**

-3-