# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 08-2365-CM |
| | ) |
| **BNSF RAILWAY RAILROAD,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

This case is before the court on plaintiff Michael McKinzy's Objections And Motion For Review By District Judge of Motion for Change of Magistrate Judge in Above Captioned Case (Doc. 55). On July 8, 2009, plaintiff Michael McKinzy filed a Motion for Change of Judge and Magistrate Judge in Above Captioned Case (Doc. 51). In his motion, plaintiff contended that both the undersigned and Magistrate Judge James O'Hara should recuse from this case "due to bias against plaintiff as a pro se litigant" evidenced by the court's "whimsical imposing of sanctions as retribution . . . for plaintiff exercising his rights to appeal court decisions to the Tenth Circuit Court of Appeals" in four of his current lawsuits.[1] The next day, Judge O'Hara issued an order denying plaintiff's motion (Doc. 54). Plaintiff seeks review of that order.

The court finds that Judge O'Hara's order was not "clearly erroneous or contrary to law." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R.

---

[1] *McKinzy, Sr. v. Union Pac. R.R.*, No. 08-cv-02519-CM-JPO (filed 10/20/08, closed 04/17/09); *McKinzy, Sr. v. Norfolk S. R.R.*, No. 08-cv-02599-CM-JPO (filed 12/02/08, closed 06/12/09); *McKinzy, Sr. v. Interstate Bakeries Corp.*, No. 08-cv-02649-CM-JPO (filed 12/22/08); *McKinzy, Sr. v. Kansas City Power and Light*, No. 09-cv-02070-CM-JPO (filed 02/12/09).

Civ. P. 72(a). Under this applicable clear error standard, this court will affirm "unless it, 'on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see McCormick v. City of Lawrence, Kansas*, 218 F.R.D. 687, 692–93 (D. Kan. 2003). In this case, plaintiff has failed to establish clear error.

In his order, Judge O'Hara properly set out and applied the standards for recusal, noting that the court should recuse itself only if a reasonable person would believe that the assigned judge has displayed such "deep-seated favoritism or antagonism that would make fair judgment impossible." (Doc. 54) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

As his bases for recusal, plaintiff references sanctions imposed by Judge O'Hara in *McKinzy v. Interstate Bakeries Corp.*, case number 08-2649.[2] In late March 2009, the defendants in *McKinzy v. Interstate Bakeries Corp.* filed a motion to compel certain discovery, and sought an award of costs and expenses associated with the filing of the motion. Despite plaintiff's failure to respond to the motion, Judge O'Hara considered its merits, and found that plaintiff's objections to the defendant's discovery were not substantially justified. Judge O'Hara granted the defendant's motion to compel, (Case No. 08-2649 Doc. 38), and ordered plaintiff to fully respond to certain interrogatories and requests for production. Judge O'Hara directed plaintiff to show cause in writing why the court should not impose sanctions on him. Plaintiff failed to do so. The defendant's affidavit supported an award in the amount of $3,644. Judge O'Hara entered an award of $500.

---

[2] Plaintiff's motion is incomplete—he failed to attach Exhibit B (Doc. 51); however, based on his multiple, identical filings in other cases, this court presumes he is referencing Judge O'Hara's July 6, 2009 order in *McKinzy v. Interstate Bakeries Corp.* See plaintiff's identical motion for Change of District Judge and Magistrate Judge in Above Captioned Case in *McKinzy v. Interstate Bakeries Corp.*, case number 08-2649 (Doc. 61).

As Judge O'Hara noted in his order denying recusal, (Doc. 54), his order awarding sanctions explained that Fed. R. Civ. P. 37(a)(5)(A) required the court to sanction plaintiff for asserting unjustified objections to the defendant's discovery requests, which objections necessitated the filing of a motion to compel. Thus, Judge O'Hara did not display antagonism for plaintiff, let alone deep-seated antagonism. Indeed, while defendant incurred $3,644 in fees seeking responses to discovery and preparing the motion to compel, Judge O'Hara, recognizing plaintiff's *in forma pauperis* status, only awarded the defendant $500. Knowing all of the relevant facts, no reasonable person could harbor doubts about Judge O'Hara's impartiality. The court finds that Magistrate Judge O'Hara properly denied plaintiff's motion for recusal.

**IT IS THEREFORE ORDERED** that plaintiff's Objections And Motion For Review By District Judge of Motion for Change of Magistrate Judge in Above Captioned Case (Doc. 55) is denied.

Dated this 5th day of August 2009, at Kansas City, Kansas.

                                                    **s/ Carlos Murguia**
                                                    **CARLOS MURGUIA**
                                                    **United States District Judge**