IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL E. McKINZY, SR., )
                         )
            Plaintiff,   )
                         )
v.                       )   Case No. 08-2365-CM
                         )
BURLINGTON NORTHERN SANTA FE  )
RAILWAY,                 )
                         )
            Defendant.   )

# ORDER

This matter comes before the court on two related motions regarding discovery requests served by the defendant, Burlington Northern Santa Fe Railway ("BNSF"), on the plaintiff, Michael E. McKinzy, Sr. Currently pending before the court is BNSF's motion to compel discovery (**doc. 81**). McKinzy has responded and BNSF has filed a reply (docs. 84 & 85, respectively). Related to these filings is McKinzy's motion for a protective order that would shield him from the discovery BNSF's motion seeks to compel (**doc. 86**).

As a preliminary matter, it is clear to the court, even though the time technically allowed for McKinzy to file a reply brief in support of his motion for protective order has not yet expired, McKinzy's motion must be denied. That is, even if the court were to disregard BNSF's responsive brief (doc. 87), McKinzy's motion makes *no* attempt to meet the standard for a protective order stated in Fed. R. Civ. P. 26(c), which provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Nor does McKinzy's motion

indicate that he has attempted in good faith to confer with BNSF before he filed the motion, as is required by Rule 26(c).¹ Plainly put, McKinzy's motion for a protective order is nothing more than an attempt to continue his opposition to BNSF's motion to compel.

The basis for McKinzy's opposition to BNSF's motion to compel is that BNSF did not timely object to his responses to BNSF's First Set of Interrogatories and First Set of Document Requests. Notably, both parties address only the timing of BNSF's objections to McKinzy's responses—neither party address the actual timing of the filing of BNSF's motion to compel. This is what D. Kan. Rule 37.1(b) addresses.²

McKinzy's responses to BNSF's discovery requests were served by mail on August 24, 2009.³ When service is done by mail, three days are added to the response period.⁴ When the last day of the response period falls on a weekend or legal holiday, the response period extends until the next day that is not a weekend or legal holiday.⁵ Applied to this

---

¹To the contrary, in his response to BNSF's motion to compel, McKinzy attached a letter sent by him to BNSF's attorney stating that he would "not agree to any supplementation of my timely responses nor consent to any further communication concerning my responses to the above stated discovery requests in any manner or form." Doc. 84 at 4.

²D. Kan. Rule 37.1(b) ("Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion.").

³Doc. 72.

⁴Fed. R. Civ. P. 6(d) (referencing service made under Rule 5(b)(2)(C), service by mailing).

⁵Fed. R. Civ. P. 6(a)(3).

case, BNSF's motion to compel should have been filed by September 28, 2009.[6] Although BNSF informed McKinzy that it objected to his responses on that date (presumably in an attempt to confer before involving the court in the matter), the motion to compel itself was not filed until September 30, 2009.[7]

The court must then determine whether it should allow BNSF's motion to compel to stand despite its slight untimeliness. A motion to compel filed outside the time provided for in the rules may nonetheless be allowed upon a showing of excusable neglect. "The factors used to determine excusable neglect include: (1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings."[8]

Evaluating the facts at hand under these considerations leads to the conclusion that BNSF's motion to compel should be allowed. BNSF has repeatedly maintained that it did not receive McKinzy's responses until September 8, 2009—more than two weeks after they were sent, which represents almost half of the time allotted to file a motion to compel under D. Kan. Rule 37.1(b). Despite this delay, BNSF did notify McKinzy before the time to file

---

[6]Thirty days from the service of McKinzy's responses on August 24, 2009, plus an additional 3 days under Fed. R. Civ. P. 6(d) is September 26, 2009, a Saturday. Thus, BNSF's motion to compel was due by the following Monday, September 28, 2009.

[7]Doc. 81.

[8]*Kankam v. University of Kansas Hosp. Authority*, No. 07-2554-EFM, 2009 WL 211946, *2 (D. Kan. Jan. 26, 2009).

a motion to compel had expired that it found his responses inadequate.[9] The fact that the motion to compel was filed only two days outside of the allotted time indicates that McKinzy is in little danger of suffering prejudice (especially considering that he was aware prior to the filing of the motion to compel that BNSF found his responses inadequate and yet refused to even discuss the matter); similarly, judicial proceedings will not be delayed or negatively impacted. Accordingly, BNSF's motion to compel will be considered.

BNSF seeks to compel responses with regard to Interrogatory Nos. 4 and 12 and all of its requests for production. McKinzy has not provided any substantive opposition to BNSF's motion to compel beyond his claim that BNSF's objections were not timely raised and are therefore waived.

McKinzy objected to Interrogatory Nos. 4 and 12 and Request Nos. 14 and 15 on the grounds that they were either vague, overly broad in scope of time, or both. A party objecting to a discovery request as vague has the burden of showing such vagueness.[10] The same is true where a party objects to a discovery request as overly broad in scope where the request does not appear so on its face.[11] McKinzy has presented no argument to the court that could carry his burden of establishing vagueness or overbreadth. Nor does it appear that his objections on those grounds carry any merit. Request Nos. 14 and 15 are simply

---

[9]Ex. B to doc. 81 (letter sent to McKinzy on September 28, 2009).

[10]*McBride v. Medicalodges, Inc.*, No. 06-2535, 2008 WL 1958350, at *1 (D. Kan. May 2, 2008).

[11]*Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661 (D. Kan. 2004).

requesting McKinzy's financial records as well as documents related to judicial and administrative proceedings to which McKinzy has been a party or witness. The instructions to BNSF's requests for production clearly state "these requests cover the period from January 1, 2006, through the present."[12] The court therefore finds that the requests are clear in what they are seeking and reasonably limited in both time and scope.[13]

McKinzy's responses to Request Nos. 1-13 and 16-19 were the same: he referred BNSF to "Doc #(1); Doc #(35); Plaintiff's Initial Disclosures."[14] According to BNSF, no documents were actually produced (neither as part of the requests for production nor in McKinzy's initial disclosures[15]), and the referenced documents do not include the information requested. McKinzy has made no response to this claim.

Simply referring to another document or pleading without identifying in sufficient detail where the information sought can be found is not a proper response to a discovery request.[16] Nor does this practice comport with Fed. R. Civ. P. 34(b), which requires that "[a]

---

[12]Ex. A to doc. 81 at 13.

[13]*See Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 655 (D. Kan. 2004) ("With regard to temporal scope, discovery of information both before and after the liability period within a Title VII lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period.").

[14]Ex. A to doc. 81 at 15-18.

[15]Doc. 81 at 2-3.

[16]*DIRECTV v. Puccinelli*, 224 F.R.D. 677, 680-81 (D. Kan. 2004).

party must produce documents as they are kept in the usual course of business."[17] The court therefore finds that McKinzy's responses to the remainder of BNSF's document requests are inadequate.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.  McKinzy's motion for a protective order is denied.

2.  BNSF's motion to compel is granted. McKinzy shall fully respond to Interrogatory Nos. 4 and 12, and Request for Production Nos. 1-19 by **November 2, 2009**.

3.  Copies of this order shall be served electronically on counsel of record and on the pro se plaintiff by regular and certified mail.

Dated this 21st day of October, 2009, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[17]*See also id.* at 682 (concluding that it was improper to respond to a document request by referring the requesting party to documents produced as part of other disclosures).