IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL E. MCKINZY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2365-CM |
| ) | |
| BNSF RAILWAY RAILROAD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael E. McKinzy, Sr. brings this *pro se* action, alleging claims of race discrimination and retaliation, against defendant BNSF Railway Railroad. This matter is before the court on Defendant's Motion to Strike Plaintiff's Exhibits In Support Of Motion for Summary Judgment (Doc. 78). Defendant's motion is granted for the following reasons.

On August 5, 2009, the court denied plaintiff's motion for summary judgment without prejudice because the motion was premature. On August 6, 2009, plaintiff filed a motion to reconsider the order. On August 7, 2009, plaintiff filed a motion for leave to amend his complaint to add "all claims initially filed by plaintiff in the Northern District of Illinois against this defendant predicated on his employment as a journeyman electrician with defendant." (Doc. 65.) On September 14, 2009, plaintiff filed "Plaintiff's Additional Supplemental Exhibits Nos. (22-25) In Support Of Plaintiff's Motion For Summary Judgment Doc. (35) And Plaintiff's Additional Claims Initially Filed In The Northern District Of Illinois" (Docs. 74 & 75 ). The filings explained that plaintiff was submitting the exhibits in support of his motion for summary judgment and in support of "Plaintiff's additional claims initially filed by Plaintiff in the Northern District of Illinois, Eastern Division

-1-

against this Defendant predicated on his employment Agreement as a journeyman electrician with Defendant." On October 21, 2009, the court granted plaintiff leave to amend his claims to add a wrongful-termination claim under 42 U.S.C. § 1981. In November 2009, the court denied plaintiff's motion to reconsider its order denying his motion for summary judgment.

The court denied plaintiff's motion for summary judgment before plaintiff filed the exhibits and, at present, there are no summary judgment motions pending. Thus, plaintiff's exhibits were never properly before the court to support his motion for summary judgment. When plaintiff filed the exhibits, his claims that were initially filed in The Northern District of Illinois were not pending before the court, but his motion to amend his pleading to assert these claims was pending.

Plaintiff may have filed the exhibits in support of his motion to amend his complaint. If that was plaintiff's intent, plaintiff should have clarified his intent in his pleadings. Although the court construes a *pro se* plaintiff's pleadings liberally, *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998), a plaintiff's *pro se* status does not relieve him from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants). Plaintiff's filing does not comply with the court's procedural rules. Moreover, the court subsequently granted, in part, plaintiff's leave to amend without referencing the exhibits, and plaintiff filed an amended complaint without referencing the exhibits.

The exhibits are voluminous. Their relevance and plaintiff's reason for submitting them are unknown. Their presence in the record only confuses the issues before the court. In light of the above, the court strikes "Plaintiff's Additional Supplemental Exhibits Nos. (22-25) In Support Of Plaintiff's Motion For Summary Judgment Doc. (35) And Plaintiff's Additional Claims Initially Filed

In The Northern District Of Illinois" (Docs. 74 & 75 ). Plaintiff may submit the relevant portions of these exhibits to any future filings. The court reminds plaintiff that he should only attach relevant documents and he should specifically identify the exhibit he refers to and reference the exact portion he relies on by page number.

Defendant's request for its costs and fees associated with this motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiff's Exhibits In Support Of Motion for Summary Judgment (Doc. 78) is granted.

Dated this 10th day of December 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
