# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 08-2365-CM |
| ) | |
| **BNSF RAILWAY RAILROAD,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

This case is before the court on plaintiff Michael McKinzy's Motion for Review by District Judge of Magistrate Judge James P. O'Hara['s] Order Granting Defendant's Motion for Sanctions Regarding Defendant's Second Motion to Compel (Doc. 122).

**I.    Judicial Bias**

Before reviewing the merits of plaintiff's motion, the court will address, *sua sponte*, whether the undersigned must recuse from this case. On January 4, 2010, plaintiff filed *McKinzy v. Murguia*, Case Number 10-2002-FJG, alleging that the undersigned and Judge James P. O'Hara conspired to deny plaintiff due process in nine cases he filed in the District of Kansas. On January 11, 2010, Judge Gaitan denied Plaintiff's Motion to Proceed Without Prepayment of Fees and Affidavit of Financial Status. Finding that plaintiff's claims were based on allegations that the undersigned and Judge O'Hara made improper official adjudicative acts in the past, Judge Gaitan dismissed all of plaintiff's claims as frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B). The case is currently on appeal.

Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their partiality might reasonably be questioned. *Switzer v. Berry*, 198 F.3d 1255, 1257 (10th

Cir. 2000); *see also* Code of Conduct for United States Judges, Canon 3, § C(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned."). The test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 960 (10th Cir. 2005) (citation omitted). But the test must be read in light of a judge's "duty to sit" on cases filed with the court. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) ("a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require"). The statute is not intended to give litigants a veto power over sitting judges, or to be used as a vehicle for obtaining a judge of their choice. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The decision whether to recuse from a case is committed to the sound discretion of the court. *See Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir. 1987).

In this case, a reasonable person with access to the relevant facts would not conclude that the impartiality of the undersigned might be questioned. Rather, it appears that defendant is simply displeased with the court's past rulings and is trying to judge-shop. A judge is not disqualified to hear a case merely because a party has filed a separate lawsuit against the judge. *See, e.g., United States v. Sealander*, Nos. 95-6002, 95-6017, 95-6018, 1996 WL 408368, at *19 (10th Cir. July 19, 1996) (upholding the judge's determination that the allegations in the complaint were unsubstantiated and facially frivolous and that the judge was not disqualified to hear the case). A judge must disqualify himself if he has a personal bias or prejudice concerning a party. The undersigned has no such bias or prejudice against plaintiff. Thus, the court will consider plaintiff's pending motion.

**II.    Plaintiff's Motion**

On December 18, 2009, Judge O'Hara awarded defendant $700 in fees incurred in filing its motion to compel. For the reasons set forth below, the court finds that Judge O'Hara's order was not "clearly erroneous or contrary to law." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this applicable clear error standard, this court will affirm "unless it, 'on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see McCormick v. City of Lawrence, Kansas*, 218 F.R.D. 687, 692–93 (D. Kan. 2003). In this case, plaintiff has failed to establish clear error.

In his order, Judge O'Hara properly set out and applied the standards governing expenses and sanctions for motions to compel. He also directed plaintiff to show cause in writing why the court should not impose sanctions. Plaintiff failed to do so. Plaintiff made no effort to justify his discovery responses or show any circumstances that would make an award of expenses unjust. Defendant's affidavit supported an award in the amount of $1,195. Judge O'Hara, recognizing plaintiff's *in forma pauperis* status, awarded defendant $700.

Given the circumstances of this case, Judge O'Hara's order granting defendant $700 for fees incurred in filing its motion to compel was not clearly erroneous. In fact, the order furthers the interests of justice. The court finds that Judge O'Hara's decision is supported by the record. Accordingly, plaintiff's motion is overruled.

In its response, defendant requests the fees it incurred in responding to this motion. Defendant cites to the court's repeated admonitions that plaintiff should avoid vexatious conduct. As the court has previously noted, plaintiff has filed a multitude of cases in this district within less than a year, not one of which has resulted in relief for plaintiff. *McKinzy v. Norfolk S. R.R.*, No. 08-

2599-CM, 2009 WL 1904340, at *2 n.3 (D. Kan. July 1, 2009). The court is concerned that plaintiff is abusing the judicial process. For instance, in this matter, plaintiff failed to comply with his discovery obligations, did not respond to the court's order to show cause why sanctions should not be entered, but then filed a motion to review Judge O'Hara's order granting sanctions. The court denies defendant's motion for its fees incurred in responding to the instant motion, but cautions plaintiff to take care to avoid frivolous and abusive filings in the future. Furthermore, plaintiff should submit his arguments in accordance with the Federal Rules of Civil Procedure and the court's order, instead of failing to respond and then proceeding with a motion to review.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Review by District Judge of Magistrate Judge James P. O'Hara['s] Order Granting Defendant's Motion for Sanctions Regarding Defendant's Second Motion to Compel (Doc. 122) is denied.

Dated this 1st day of February, 2010, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**