IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL E. MCKINZY, SR.,

    Plaintiff,

v.

    CIVIL ACTION

    No. 08-2365-CM

BNSF RAILWAY RAILROAD,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff Michael E. McKinzy, Sr. brings this action *pro se*, alleging race discrimination and retaliation against defendant BNSF Railway Railroad. Plaintiff's allegations rest on defendant's failure to hire him as an electrician during 2007 and 2008.[1] This matter is currently before the court on Plaintiff's Motion for Review by District Judge of Magistrate Judge James P. O'Hara Order Granting Defendant's Motion for Dismissal As Sanctions and Motion for Leave For More Time to Pay Sanctions (Doc. 135) and Plaintiff's Motion for Review by District Judge of Magistrate Judge James P. O'Hara Order Granting Defendant's Motion for Dismissal As Sanctions and Motion for Leave for More Time to Pay Sanctions (Doc. 142).

---

[1] On December 15, 2009, plaintiff filed a similar lawsuit based on defendant's failure to hire him as an electrician in 2009, *McKinzy v. BNSF Railway Company*, Case No. 09-2648-CM. In that case, plaintiff alleges race and age discrimination. At defendant's request, the court consolidated the cases on March 9, 2010.

-1-

**I. Factual Background**

In December 2009, Judge O'Hara granted defendant's motion to compel and awarded defendant fees associated with the motion in the amount of $700 (docs. 113 & 121).[2] On February 1, 2010, the undersigned upheld Judge O'Hara's fee award (doc. 126). Because plaintiff has not paid the $700 fee award, defendant filed a Motion for Rule to Show Cause (doc. 130). The motion requested that the court order plaintiff to pay the fee award immediately and that, in the event he fails to do so, the court dismiss the case with prejudice under Fed. R. Civ. P. 41(b). Plaintiff did not respond or object to defendant's motion. On March 15, 2010, Judge O'Hara granted the motion, ordering that plaintiff (1) pay defendant the $700 fee award by March 31, 2010 and (2) if plaintiff fails to pay the fee award by March 31, 2010, plaintiff must show cause by April 2, 2010, why this case should not be dismissed with prejudice as a sanction for failure to comply with the court's orders (Doc. 134). Instead of responding to the show cause order, plaintiff filed his Motion for Review by District Judge of Magistrate Judge James P. O'Hara Order Granting Defendant's Motion For Dismissal As Sanctions and Motion for Leave for More Time to Pay Sanctions (doc. 135).

In its Motion for Rule to Show Cause (Doc. 130), defendant requested that the court award its fees and costs incurred in preparing and filing the motion. The court ordered defendant to file an affidavit setting forth its time and related expenses. The court also ordered plaintiff to show cause why the court should not require him to pay defendant's fees and costs. Defendant filed its affidavit, which stated that it incurred $987.50 in fees related to its motion. Plaintiff did not respond and did not attempt to demonstrate that the fee request was unjust even though the court had ordered him to respond to defendant's fee request. On April 4, 2010, Judge O'Hara awarded defendant $987.50 in costs and fees associated with filing its Motion for Rule to Show Cause. The $987.50 is in addition to

---

[2] Judge O'Hara set forth the procedural background of defendant's motions to compel and the fee award in his Order (Doc. 134), and thus, the court will not repeat it here.

the $700.00 fee awarded on December 18, 2009. Despite failing to timely respond to defendant's motion or the court's order to show cause, plaintiff filed a motion for review (doc. 142).

**II. Motions for Review**

Because plaintiff decided not to address the merits of defendant's motions until after Judge O'Hara granted the motions, plaintiff bears a heavy burden to show that Judge O'Hara's orders should be vacated. The district court reviews a magistrate judge's order on non-dispositive pretrial matters under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this applicable clear error standard, this court will affirm the magistrate judge's order "unless it, 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see McCormick v. City of Lawrence, Kansas*, 218 F.R.D. 687, 692–93 (D. Kan. 2003).

Plaintiff cannot establish that Judge O'Hara's March 15, 2010 order, (doc. 134), was in clear error. The court previously found that the fee award furthers the interest of justice and ordered plaintiff to pay the fee (doc. 126). Judge O'Hara's order merely required plaintiff pay the court-ordered fee award immediately or show cause why the case should not be dismissed for plaintiff's failure to comply with the court's orders. Nothing in Judge O'Hara's order is contrary to law or clearly erroneous. Plaintiff's motion for review of Judge O'Hara's March 15, 2010 Order is denied.

Plaintiff's April 7, 2010 motion for review is also denied. Plaintiff did not contest the fee award and did not even attempt to demonstrate that it was unjust, despite the court's order to respond to defendant's fee request. Judge O'Hara considered the applicable law, the record, and the arguments

presented. Judge O'Hara's order was appropriate under the circumstances. Nothing in the order is contrary to law. Plaintiff's motion is denied.

**III. Motions for Leave for More Time**

The court will construe the portion of plaintiff's motion requesting more time to pay the fee award as his response to Judge O'Hara's March 15, 2010 order to show cause why this case should not be dismissed if plaintiff fails to pay the fees (doc. 134). Rule 41(b) provides for involuntary dismissal of an action when a party fails to comply with the Federal Rules of Civil Procedure or court orders. Dismissal with prejudice is an extreme sanction and is only appropriate in cases of willful misconduct, *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992), or where a "lesser sanction would not serve the ends of justice," *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)). When considering dismissal as a sanction, this court evaluates the following factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 920–21. The factors are not equal. *Gross v. Gen. Motors Corp.*, 252 F.R.D. 693, 696 (D. Kan. 2008). However, dismissal is an appropriate sanction when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. *See Ehrenhaus*, 965 F.2d at 921.

Plaintiff argues that the court should not dismiss his lawsuit as a sanction and requests that the court give him until the start of trial, January 3, 2011, to pay both fee awards. Plaintiff argues the court should give him additional time because he has worked less than 12 months since December 2005, owes more than $50,000 in past due spousal and child support, and is supported by his fiancée's income of $11.40 per hour.

The court is mindful that, in a case in which a party appears *pro se*, the court must be especially careful in assessing the efficacy of a sanction so that a party does not unknowingly lose its right of access to the courts. *See id.* at 920 n.3 (citing *Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982)). However, plaintiff is dangerously close to having this case dismissed. Plaintiff's behavior in this and other cases establishes a clear pattern of abuse of the judicial process. Judge O'Hara noted plaintiff's disconcerting behavior in September 2009:

> It suffices to note here that prior orders entered by the undersigned, by the presiding U.S. District Judge, Hon. Carlos Murguia, and by the Tenth Circuit Court of Appeals demonstrate quite clearly that plaintiff has done his level best at every step along the way to make this simple employment case needlessly difficult and time-consuming for all concerned (*see* docs. 19, 22, 36, 38, 44, 58, and 63).
> Judges and experienced attorneys try to accommodate *pro se* litigants because the latter often make *unintentionally* mistakes in navigating procedural issues in litigation. But unfortunately the record in this case quite strongly suggests plaintiff *deliberately* has sought to undermine this case being processed in a manner consistent with the mandate of Fed. R. Civ. P. 1, which of course calls upon all of the rules of procedure to be "construed and administered to secure the just, speedy, and inexpensive of every action and proceeding."

(*McKinzy v. Interstate Bakeries Corp.*, Case No. 08-2649-CM, doc. 71 at 1−2.) Plaintiff's case against Interstate Bakeries Corporation was eventually dismissed due to plaintiff's "lengthy, expensive, and abusive litigation history" and failure to appear for deposition. When dismissing the case, this court recognized that "[m]onetary sanctions previously imposed have apparently not conveyed the importance of complying with the court's orders and the federal rules." *McKinzy v. Interstate Bakeries Corp.*, Nos. 08-2649-CM, 09-2081-CM, 2009 WL 3126138, at *5 (D. Kan. Sept. 28, 2009).

Here, plaintiff has caused actual prejudice to defendant and interfered with the judicial process by failing to participate in discovery and now by refusing to participate in the litigation. Instead of responding to defendant's motions and the court's orders, plaintiff waits until the court enters its orders and then files motions to review, creating additional work for defendant and the court. It

appears plaintiff's actions are intentional and done with the specific intent to increase defendant's cost and waste valuable judicial resources. Despite the court's warnings, in this and other cases, plaintiff continues to abuse the judicial process and incur sanctions.

Although plaintiff "believes in his ability to pay the court's ordered sanctions," nothing in the record suggests that plaintiff will be in a position to pay the fee award between now and the beginning of trial. In fact, due to plaintiff's complete disregard for the judicial process and this court's orders, he continues to expose himself to further sanctions and fee awards. Plaintiff has offered no valid justification for his request, and his history of blatant disregard for the Federal Rules of Civil Procedure, monetary sanctions, and this court's orders suggests that plaintiff has no intention of paying the fee award by January 2011.

Because plaintiff has ignored this court's orders and has not established how he intends to pay the fee award by January 2011, the court will not allow plaintiff until the beginning of trial to pay the fee. Plaintiff must pay the fee awards no later than July 1, 2010. If plaintiff fails to pay the fee awards by July 1, 2010, defendant may file a motion requesting additional sanctions, including dismissal with prejudice under Rule 41(b). In determining whether sanctions are warranted, the court will consider the degree of actual prejudice plaintiff has caused defendant and whether plaintiff has continued to interference with the judicial process. The court will also consider any significant effort plaintiff has made to pay the fee award.[3] **<u>Plaintiff is hereby put on notice that if he continues to abuse the judicial process, ignore the court's rules, and disobey the court's orders, his case will be dismissed under Rule 41(b).</u>**

---

[3] Perhaps plaintiff should consider paying the fee awards in weekly or monthly installments.

**IV. Defendant's Request for Additional Costs and Fees**

At this point in time, the court finds that the outstanding fee awards are the appropriate sanctions for plaintiff's failure to participate in this litigation. It is unnecessary to order plaintiff to pay defendant's fees associated with the motions to review. Plaintiff is now on notice that failure to participate in this litigation or follow the Federal Rules of Civil Procedure or the court's orders will result in additional monetary sanctions and may result in the dismissal of his case. Defendant's request for its costs and fees associated with the motions is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Review by District Judge of Magistrate Judge James P. O'Hara Order Granting Defendant's Motion For Dismissal As Sanctions and Motion for Leave for More Time to Pay Sanctions (doc. 135) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Review by District Judge of Magistrate Judge James P. O'Hara Order Granting Defendant's Motion for Dismissal As Sanctions and Motion for Leave for More Time to Pay Sanctions (doc. 142) is granted in part and denied in part.

Dated this 20th day of April 2010, at Kansas City, Kansas.

>   s/ Carlos Murguia
>   **CARLOS MURGUIA**
>   **United States District Judge**